UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kelvin Ross Sinclair, | ) | Civil Action No.: 2:19-cv-01791-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of FCI-Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Kelvin Ross Sinclair, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. The matter is before the Court for review of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Mary Gordon Baker, who recommends summarily dismissing Petitioner's § 2241 petition without prejudice.[1] *See* ECF Nos. 10 & 12.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---
[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

### **Discussion**[2]

In 2008, a jury convicted Petitioner of being a felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g), and this Court sentenced him to life imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[3] *See United States v. Sinclair*, No. 4:06-cr-01321-RBH, (D.S.C.). Petitioner is incarcerated in this District and has filed a § 2241 petition challenging his ACCA sentence, claiming several of his prior offenses no longer qualify as ACCA predicates in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See* ECF No. 1.

The Magistrate Judge recommends summarily dismissing Petitioner's § 2241 petition because he fails to satisfy the second prong of the test set forth in *United States v. Wheeler*, wherein the Fourth Circuit held:

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to

---

[2] The R & R thoroughly summarizes the relevant procedural and factual background.

[3] Under the ACCA, if a defendant convicted under § 922(g) has three prior convictions "for a violent felony or a serious drug offense," the sentencing court must impose a sentence of at least fifteen years' imprisonment. *See* 18 U.S.C. § 924(e)(1).

2

> meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d 415, 429 (4th Cir. 2018) ("the *Wheeler* test"). Petitioner has filed objections to the R & R. *See* ECF No. 12.

The Court will overrule Petitioner's objections. Because his § 2241 petition does not rely on a retroactively applicable change in substantive law subsequent to his direct appeal and first § 2255 motion, he cannot satisfy the requirements of *Wheeler*. Specifically, "*Mathis* did not announce a retroactively applicable substantive change in the law." *Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018) (concluding the petitioner could not use his § 2241 petition to challenge his ACCA sentence based on *Mathis*); *see also Cox v. Wilson*, 740 F. App'x 31, 32 (4th Cir. 2018) ("*Mathis* did not announce a new, retroactively applicable rule."). Thus, Petitioner fails to satisfy the savings clause in 28 U.S.C. § 2255(e), and the Court must dismiss his § 2241 petition for lack of jurisdiction. *See Wheeler*, 886 F.3d at 426 (noting "the savings clause requirements are jurisdictional").

### **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.

In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

For the above reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS AS MODIFIED**[4] the R & R [ECF No. 10], and **DISMISSES** Petitioner's § 2241 petition *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina
October 22, 2019

s/ R. Bryan Harwell
R. Bryan Harwell
Chief United States District Judge

---

[4] The Magistrate Judge refers to "assault and battery with intent to kill" on page two of the R & R. The Court modifies the R & R to reflect that Petitioner is challenging, *inter alia*, the predicate conviction of "assault and battery of a high and aggravated nature," as reflected in his petition and objections. *See* ECF No. 1-1 at p. 13; ECF No. 12 at p. 13. Regardless, the presentence report in Petitioner's criminal case shows he had other valid ACCA predicates, and as explained in the R & R, the Fourth Circuit denied his motion to file a successive 28 U.S.C. § 2255 motion in 2016 (i.e., after *Johnson v. United States*, 135 S. Ct. 2551 (2015)). *See* R & R at p. 2.